UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**JERRY'S FAMOUS DELI, INC.**,
a California corporation,

        Plaintiff,

v.

**FRESH EPICURE LLC**, a Florida limited,
liability company; **MARY V. SIRAGUSA**,
a resident of Florida d/b/a **FRESH EPICURE**;
**FRANCESCA T. SIRAGUSA**, a resident of Florida
d/b/a **FRESH EPICURE**; and **SIRAGUSA
VENTURES LLC**, a Florida limited liability
company d/b/a **FRESH EPICURE**,

        Defendants.
_____/

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND RELATED CLAIMS

Plaintiff, **JERRY'S FAMOUS DELI, INC.** (hereinafter "Plaintiff" or "JFD"), hereby brings this action against Defendants, **FRESH EPICURE LLC** (hereinafter "FEL"), **MARY V. SIRAGUSA** d/b/a **FRESH EPICURE** (hereinafter "M. Siragusa"), **FRANCESCA T. SIRAGUSA** d/b/a **FRESH EPICURE** (hereinafter "F. Siragusa"), and **SIRAGUSA VENTURES LLC** d/b/a **FRESH EPICURE** (hereinafter "Siragusa Ventures")(collectively, "Defendants" or "Fresh Epicure") and alleges the following:

### NATURE OF THE ACTION

1.    This is an action for trademark infringement and unfair competition pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), Fla. Stat. § 495.131, and the

common law of the State of Florida, in connection with Fresh Epicure's advertisement and promotion of restaurant and catering services under the name "FRESH EPICURE," in violation of JFD's rights in and to its longstanding and federally-registered family of **EPICURE** trademarks (hereinafter the "**EPICURE** Marks").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action involves substantial claims arising under the Lanham Act. This Court has jurisdiction over JFD's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

3. This Court has personal jurisdiction over Fresh Epicure because Fresh Epicure has distributed, offered for sale, and/or sold food services within this State, has engaged in acts or omissions within this State causing injury, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction.

4. This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to JFD's claims occurred in this District.

## THE PARTIES

5. Plaintiff JFD is a corporation organized and existing under the laws of the State of California, having its principal place of business at 12711 Ventura Blvd., #400,

2

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

Studio City, CA 91604. JFD is the record owner of the **EPICURE** Marks at issue in the instant action.

6. On information and belief, Defendant FEL is a limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 1637 SE 17th St., Fort Lauderdale, FL 33316.

7. On information and belief, Defendant M. Siragusa is an individual residing at 4401 NE 21st Ave., Apt. 10, Fort Lauderdale, FL 33308. M. Siragusa is the president and registered agent of FEL and an owner of Fictitious Name Registration No. G10000034527 for FRESH EPICURE.

8. On information and belief, Defendant F. Siragusa is an individual residing at 718 NE 5th Ave., Fort Lauderdale, FL 33308. F. Siragusa is an owner of Fictitious Name Registration No. G10000034527 for FRESH EPICURE.

9. On information and belief, Defendant Siragusa Ventures is an inactive limited liability company organized and existing under the laws of the State of Florida, having its principal place of business at 718 NE 5th Ave., Fort Lauderdale, FL 33308. Siragusa Ventures is an owner of Fictitious Name Registration No. G10000034527 for FRESH EPICURE.

## FACTUAL ALLEGATIONS

**JFD and the EPICURE Marks**

10. Since at least as early as 1950, JFD has utilized the **EPICURE** Marks in connection with the sale of prepared foods and other groceries through its retail food stores and catering services.

11.  JFD owns the following United States Trademark Registrations for the **EPICURE** Marks:

| **EPICURE (word mark)** | Reg. No. 2,754,745 | Pre-packaged frozen entrees consisting primarily of meat, fish, poultry or vegetables, excluding shellfish, in International Class 29; pre-packaged frozen entrees consisting primarily of pasta or rice; bread, in International Class 30; and retail food store services, in International Class 35 |
|---|---|---|
| EPICURE (design mark) | Reg. No. 2,787,801 | Pre-packaged frozen entrees consisting primarily of meat, fish, poultry or vegetables, excluding shellfish, in International Class 29; pre-packaged frozen entrees consisting primarily of pasta or rice; bread, in International Class 30; and retail food store services, in International Class 35 |

12.  JFD also owns State of Florida Trademark Registration No. 918095 for the mark **EPICURE (word mark)** for "food stores and food manufacturing" services in International Class 35.

13.  The registrations for the **EPICURE** Marks are valid, subsisting, and irrevocable. True and correct copies of the above registrations are attached hereto as <u>Exhibit A</u>.

14.  Moreover, JFD's federal trademark registrations have become incontestable by virtue of long and continuous use, and by virtue of JFD having submitted the requisite affidavits pursuant to the provisions of 15 U.S.C. § 1065. These

4

Case 0:13-cv-61007-DMM   Document 1   Entered on FLSD Docket 04/30/2013   Page 5 of 19

registrations therefore constitutes conclusive evidence of the validity of the marks shown therein, and of the registrations of said mark, of JFD's ownership of said marks, and of JFD's exclusive right to use said marks in commerce in connection with the goods and services specified therein.

15. The **EPICURE** Marks have been continuously displayed at JFD's Florida establishments located in Miami Beach and Sunny Isles, as well as on menus at its Florida and California locations.

16. JFD also licenses the **EPICURE** Marks for use at establishments in Sarasota, Florida and within the State of Texas.

17. In addition, JFD operates the website located at epicuremarket.com and has done so since at least 1999. The website maintained at this address identified by this domain name incorporates JFD's longstanding and well-known **EPICURE** Marks.

18. JFD has spent a considerable amount of resources, time, and effort marketing and promoting its **EPICURE** Marks. JFD has received extensive unsolicited publicity and media coverage based on the establishment's success. As a result of JFD's extensive use, the **EPICURE** Marks are extremely strong and have garnered widespread international recognition with the consuming public.

19. JFD's **EPICURE** Marks are recognized by consumers as identifying JFD's stellar food and service.

20. The **EPICURE** Marks are famous and have acquired strong secondary meaning.

**Defendants' Infringing Conduct**

5

(305) 777-1720 • (305) 456-4922 telecopier

21. On information and belief, M. Siragusa, F. Siragusa and Siragusa Ventures registered the fictitious name FRESH EPICURE (Registration No. G10000034527) with the Florida Secretary of State on or about April 19, 2010.

22. Upon information and belief, FEL filed a federal trademark application on February 19, 2013 for the mark FRESH EPICURE and Design (as depicted below), Application Serial No. 85/854,232, in connection with "catering services; restaurant and catering services; restaurant services; take-out restaurant services," in International Class 43 (the "'232 Application").



23. The '232 Application asserts that Fresh Epicure has been using this design mark in connection with the above services since February 28, 2009.

24. Upon information and belief, FEL recently applied for a permanent food service license from the Florida Department of Business and Professional Regulation and the application is currently in progress.

25. According to Fresh Epicure's website, located at freshepicure.com, Fresh Epicure "prepare[s] and deliver[s] organic and gluten-free meals for [its] clients." True and correct copies of webpages from Fresh Epicure's website are attached as Exhibit B.

26. Fresh Epicure's use of EPICURE to identify its restaurant and catering services creates confusion and deception as to the source and origin of Fresh Epicure's

6

services and, through this use, Fresh Epicure is unfairly trading on the valuable goodwill embodied in the **EPICURE** Marks.

27. Upon information and belief, Fresh Epicure undertook these activities with full knowledge of the fame and popularity of the **EPICURE** Marks, and with full knowledge of JFD's exclusive rights to the **EPICURE** Marks and in willful and intentional disregard thereof.

28. Upon information and belief, the activities of Fresh Epicure alleged herein were undertaken with the specific intent to deceive and mislead consumers as to the sponsorship, source and origin of the restaurant and catering services offered by Fresh Epicure.

29. JFD used the **EPICURE** Marks extensively and continuously before Fresh Epicure commenced use of the name FRESH EPICURE.

30. The likelihood of confusion, mistake, and deception engendered by Fresh Epicure's misappropriation of the **EPICURE** Marks is causing irreparable harm to the goodwill symbolized by the **EPICURE** Marks and the reputation for quality that they embody.

31. On or about March 4, 2013, JFD, through counsel, conveyed to Fresh Epicure a letter informing Fresh Epicure of JFD's federal and state trademark registrations for the **EPICURE** Marks, of JFD's substantial investment and goodwill in the marks, and of JFD's ownership of the Internet domain name epicuremarket.com, requesting that Fresh Epicure immediately cease and desist use of EPICURE. Fresh Epicure has not complied with any request made in this letter.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

32. This letter placed Fresh Epicure on formal notice of JFD's prior rights and of Fresh Epicure's potential liability for enhanced damages for continuing infringement.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

33. JFD repeats and incorporates paragraphs 1 through 32 inclusive as if set forth verbatim herein.

34. Fresh Epicure's use of FRESH EPICURE, in connection with restaurant and catering services identical to those provided by JFD under its **EPICURE** Marks, has caused and is likely to cause confusion, to cause mistake, or to deceive persons into the erroneous belief that the services promoted by Fresh Epicure were authorized, sponsored by or connected in some way with JFD.

35. Upon information and belief, the aforementioned acts and conduct of Fresh Epicure were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of JFD, and of passing off Fresh Epicure's services as JFD's services.

36. Fresh Epicure's acts were without license or consent of JFD.

37. Upon information and belief, the actions of FEL and Siragusa Ventures were done with full knowledge of M. Siragusa and F. Siragusa, who directed and controlled such acts.

38. Fresh Epicure's acts constitute willful and deliberate infringement of JFD's federally-registered **EPICURE** Marks in violation of Section 32(1) of the Lanham Act, as amended, 15 U.S.C. § 1114.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

39. Fresh Epicure has caused and are likely to continue causing substantial injury to the public and to JFD, and JFD is entitled to injunctive relief and to recover Fresh Epicure's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition)**

40. JFD repeats and incorporates paragraphs 1 through 32 inclusive as if set forth verbatim herein.

41. Fresh Epicure's unauthorized use of the **EPICURE** Marks constitutes a false designation of origin and false description, and falsely represents to the public that the services advertised, sold and offered for sale by Fresh Epicure, emanate from the same source or origin as JFD's services, or are authorized, endorsed, sponsored, or otherwise approved by JFD.

42. Fresh Epicure, with knowledge of such falsity, offered, or caused to be advertised, sold and offered its services in connection with trademarks which are confusingly similar to those of the **EPICURE** Marks.

43. Upon information and belief, the actions of FEL and Siragusa Ventures were done with full knowledge of M. Siragusa and F. Siragusa, who directed and controlled such acts.

44. JFD has been, and will be, irreparably damaged by said false designations, false descriptions, and false representations in that consumers are likely to be induced into dealing with Fresh Epicure in the mistaken belief that Fresh Epicure's services, which have been advertised, promoted, solicited, sold or offered for sale in connection

9

with the dominant portion of the **EPICURE** Marks, are authorized, endorsed, sponsored by or otherwise approved by JFD.

45. Fresh Epicure's acts constitute violations of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

46. Fresh Epicure's conduct has caused, and is likely to continue causing, substantial injury to the public and to JFD. JFD is entitled to injunctive relief and to recover Fresh Epicure's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution)**

47. JFD repeats and incorporates paragraphs 1 through 32 inclusive as if set forth verbatim herein.

48. The **EPICURE** Marks are well-known, distinctive, and famous.

49. Fresh Epicure is promoting, offering and advertising, or causing to be promoted, offered and advertised, and selling and offering for sale food services in connection with the name FRESH EPICURE, which is confusingly similar to the **EPICURE** Marks.

50. Fresh Epicure's acts complained of herein constitute violations of Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c), in that Fresh Epicure's' use of a mark that is confusingly similar to the **EPICURE** Marks in connection with the advertising, promotion, and sale of its services, has caused dilution of the acquired distinctive quality of the **EPICURE** Marks.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

51. Upon information and belief, Fresh Epicure has used, and continue to use, a mark which is similar or identical to the **EPICURE** Marks without the authorization of JFD, for the wrongful purpose of benefiting from and trading upon the fame and goodwill attached to the **EPICURE** Marks so as to unfairly enhance the commercial value of Fresh Epicure's services.

52. Upon information and belief, the aforementioned acts and conduct of Fresh Epicure were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of JFD, and of passing off Fresh Epicure's services as JFD's services.

53. Upon information and belief, the actions of FEL and Siragusa Ventures were done with full knowledge of M. Siragusa and F. Siragusa, who directed and controlled such acts.

54. The acts of Fresh Epicure complained of herein have diluted, blurred and tarnished the strong and positive association between JFD and the **EPICURE** Marks by causing the **EPICURE** Marks to be associated with services not organized, sponsored, or approved by JFD.

55. Fresh Epicure has caused and will continue to cause irreparable injury to JFD's goodwill and business reputation, and dilution of the distinctiveness and value of JFD's famous and distinctive **EPICURE** Marks in violation of 15 U.S.C. § 1125(c). JFD is entitled to injunctive relief and to Fresh Epicure's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

11

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

## FOURTH CLAIM FOR RELIEF
**(Florida Trademark Dilution and Injury to Business Reputation)**

56. JFD repeats and incorporates paragraphs 1 through 32 inclusive as if set forth verbatim herein.

57. For over half a century, JFD has continuously advertised, promoted, offered for sale and sold its prepared foods and retail food store services in the State of Florida under the **EPICURE** Marks.

58. As a result of JFD's extensive and continuous use, the **EPICURE** Marks have become well-known, distinctive and famous trademarks.

59. Upon information and belief, Fresh Epicure is offering or causing to be advertised, sold and offered for sale, restaurant and catering services in connection with a mark or name which is confusingly similar to the **EPICURE** Marks.

60. Upon information and belief, the actions of FEL and Siragusa Ventures were done with full knowledge of M. Siragusa and F. Siragusa, who directed and controlled such acts.

61. Fresh Epicure is causing and will continue to cause irreparable injury to JFD's goodwill and business reputation, and dilution of the distinctiveness and value of JFD's famous and distinctive **EPICURE** Marks in violation of Florida law, FLA. STAT. ANN. § 495.151 (West 2007). JFD therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Florida Trademark Infringement)

62. JFD repeats and incorporates paragraphs 1 through 32 inclusive as if set forth verbatim herein.

63. JFD owns State of Florida Trademark Registration No. 918095 for the mark **EPICURE (word mark)** for "food stores and food manufacturing" services in International Class 35.

64. JFD has the exclusive right to use the mark **EPICURE** in the State of Florida in respect of foods stores and related services.

65. Fresh Epicure, without JFD's consent, has used, offered to sell, advertised, and promoted its restaurant and catering services in connection with JFD's registered **EPICURE (word mark)** in a manner that is likely to cause confusion or mistake or to deceive customers as to the affiliation, connection or association of Fresh Epicure with JFD or as to the origin, sponsorship or approval of Fresh Epicure's services by JFD.

66. Upon information and belief, Fresh Epicure's acts were done with full knowledge of JFD's rights in and to the mark **EPICURE (word mark)** with the intent to cause confusion or mistake or to deceive the public.

67. Upon information and belief, the actions of FEL and Siragusa Ventures were done with full knowledge of M. Siragusa and F. Siragusa, who directed and controlled such acts.

68. JFD has been, and will be, irreparably damaged by Fresh Epicure's conduct in that consumers are likely to be induced into dealing with Fresh Epicure in the mistaken belief that Fresh Epicure's services, which have been advertised, promoted,

13

solicited, sold or offered for sale in connection with JFD's registered **EPICURE (word mark)**, are authorized, endorsed, sponsored by or otherwise approved by JFD.

69. Fresh Epicure is causing and will continue to cause irreparable injury to JFD's goodwill in violation of Florida law, FLA. STAT. ANN. § 495.131 (West 2007). JFD therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

70. JFD repeats and incorporates paragraphs 1 through 32 inclusive as if set forth verbatim herein.

71. JFD has continuously advertised, promoted, offered for sale and sold its prepared foods and retail food store services in the State of Florida under the **EPICURE** Marks.

72. Upon information and belief, Fresh Epicure offered, or caused to be advertised, promoted, sold and offered for sale, its competitive restaurant and catering services in connection with a name and mark that is confusingly similar to JFD's name and **EPICURE** Marks.

73. The acts of Fresh Epicure complained of herein are in violation of the common law of the State of Florida, in that Fresh Epicure's use in Florida of the name FRESH EPICURE, in connection with the promotion or sale of restaurant and catering services, has caused and will continue to cause a likelihood of confusion among the public that Fresh Epicure's services are affiliated with, associated with, or otherwise approved by JFD.

14

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

74. Upon information and belief, the actions of FEL and Siragusa Ventures were done with full knowledge of M. Siragusa and F. Siragusa, who directed and controlled such acts.

75. As a result, Fresh Epicure has been and are now being unjustly enriched by its wrongful misappropriation of the **EPICURE** Marks and the goodwill symbolized by JFD's trademarks.

76. As a result of Fresh Epicure's acts, JFD has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, JFD is entitled to injunctive relief, to an accounting of Fresh Epicure's profits, to damages, and to costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of the **EPICURE** Marks, and the need to deter Fresh Epicure from similar misconduct, JFD is also entitled to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, JFD prays that the Court:

A. Permanently enjoin and restrain Fresh Epicure, its agents, servants, employees, representatives, and those in active concert or participation with any of them, from:

> (1) Advertising, promoting, offering for sale, selling, or distributing in any manner restaurant and catering services in connection with or bearing the name or mark "FRESH EPICURE" and/or making any use of such mark or name which is confusingly similar to the **EPICURE** Marks;

15

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

(2) Representing or suggesting in any fashion to any third party that Fresh Epicure's services are affiliated with, sponsored by, or otherwise connected with JFD;

(3) Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that Fresh Epicure's services are authorized, sponsored, licensed, endorsed, promoted, or condoned by JFD, or are otherwise affiliated with or connected to JFD; and

(4) Otherwise competing unfairly with JFD;

B. Order Fresh Epicure to file with the Court and serve upon JFD, within thirty (30) days of the entry of the injunction prayed for herein, a report in writing under oath setting forth in detail the form and manner in which they have complied with the permanent injunction, pursuant to 15 U.S.C. 1116(a);

C. Order that Fresh Epicure immediately withdraw U.S. Application Serial No. 85/854,232 and abandon the FRESH EPICURE and Design trademark;

D. Order Fresh Epicure to pay to JFD:

(1) Fresh Epicure's profits and all damages sustained by JFD as a result of Fresh Epicure's trademark infringement; and

(2) all gains, profits, and advantages derived by it as a result of Fresh Epicure's unfair competition;

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

E. Order that Fresh Epicure, in accordance with 15 U.S.C. §§ 1116(d) and 1118, be required to deliver up to be impounded during the pendency of this action all infringing advertising, promotional, or other materials in its possession or under its control, and to deliver up for destruction all infringing copies and all patterns, dies, molds, and other paraphernalia used for making such infringing copies or for reproducing Fresh Epicure's infringing marks;

F. Order that Fresh Epicure be required to pay to JFD treble damages pursuant to 15 U.S.C. § 1117(b);

G. Order Fresh Epicure to pay JFD's punitive damages in a sum to be determined at trial on the basis of Fresh Epicure's deliberate and intentional infringement and unfair competition.

H. Order that Fresh Epicure be required to pay to JFD the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

I. Order that JFD be awarded such other and further relief as the Court finds just.

DATED:  April 30, 2012	Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/ David K. Friedland
By:  **David K. Friedland**
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
**Jaime Rich Vining**
Florida Bar No. 030932

17

        Email:  jrv@friedlandvining.com
        1500 San Remo Ave., Suite 200
        Coral Gables, FL 33146
        (305) 777-1720 – telephone
        (305) 456-4922 – facsimile

        ***Counsel for Plaintiff***

18

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146 •
(305) 777-1720 • (305) 456-4922 telecopier

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I, Jason Starkman, as President and Director of Plaintiff Jerry's Famous Deli, Inc., declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are true and correct.

Executed in Miami, Florida, this 26TH day of April, 2013.

Jason Starkman

**FRIEDLAND VINING, P.A.** • 1500 San Remo Ave., Suite 200, Coral Gables, Florida 33146

(305) 777-1720 • (305) 456-4922 telecopier